JOSEPH A. WERLE V. THE STATE.

No. 17544. Delivered April 24, 1935.

The opinion states the case.

*M. Hendricks Brown* and *Marvin H. Brown, Jr.,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, ten years in the penitentiary.

When his case was called for trial, appellant entered a plea of guilty. The judgment recites that he was present in person and by his attorney, John Morrison, when he entered his plea of guilty to the charge, and that it appearing to the court that defendant was sane, etc.,—the court duly admonished defendant

of the consequences, and he persisted in entering his plea of guilty; and the court after hearing the evidence and argument of counsel, and after mature deliberation, found the defendant guilty upon his said plea, etc.

The trial was before the court. Having assessed a penalty of ten years against appellant, the latter filed a motion for new trial upon the ground that at the time of the entry of a plea of guilty he was of unsound mind and mentally incapable of making such plea. Appellant was represented upon his application for a new trial by an attorney different from the one who appeared for him when the plea of guilty was entered.

It is not recited in the motion for new trial that the evidence adduced upon said hearing was unknown to appellant's attorney Morrison. Beyond question the facts sworn to by appellant's mother and sister upon said hearing were known to them when he entered such plea of guilty. The attorney who represented appellant at the time the plea of guilty was entered, did not testify either orally or by affidavit upon the hearing of the motion for new trial. While the question of newly discovered evidence would not control our action in case it be shown upon the hearing of the motion for new trial that the accused was mentally unsound at the time of the entry of his plea, still if the case be one in which the alleged insanity is not of new development, and there is conflicting testimony regarding the existence of such insanity,—the failure to have raised such issue and presented same to the court at the time the plea of guilty was entered would be a matter to be considered in determining the correctness of the exercise of the discretion of the trial court in overruling the motion for new trial.

In this case appellant seems to have lived most, if not all, of his life in the city where tried. His mother, sister and three others were called as witnesses to establish the insanity of appellant, in connection with his motion for new trial. Of the three disinterested witnesses, one said that some four years prior to the hearing he lived near appellant for about a year. He narrated some things which he thought justified his opinion that appellant's mind was unsound. The next of the three said that appellant did things out of the ordinary, but it was his opinion that appellant's actions and conduct were those of a sane person. The third of said three testified that he had heard of appellant being in trouble once or twice, but appellant had done nothing, in witness' opinion, out of the ordinary, save that he had heard appellant talk about his mother and sisters in a

way that made witness think him out of his mind. He said he knew of nothing else that would justify him in so concluding.

The State introduced Dr. Brewster who said he observed appellant and talked with him every day for seven or eight weeks while the latter was in jail. He saw absolutely no evidence of mental unsoundness on the part of appellant. Two other men for whom appellant had worked testified to his working for them, and that he gave no signs of being mentally unsound. In this condition of the record we are not disposed to regard the overruling of appellant's motion for new trial as any abuse of the discretion of the trial court. No other questions are raised.

The judgment will be affirmed.

*Affirmed.*